Joseph N. Provenzano, *et al.*, Respondents, *against* The Thayer Manufacturing Company, Appellant.

(Decided March 1st, 1880.)

Where articles are manufactured for and delivered to the purchaser, it is incumbent upon him to return them within a reasonable time in order to avail himself of the defense that the articles are defective.

No right to recoup damages for defective workmanship exists where the fault is equally attributable to both parties.

APPEAL from a judgment of the district court in the city of New York for the third judicial district.

The action was brought to recover the price of articles manufactured by the plaintiffs for the defendant under a contract. The facts are stated in the opinion. The plaintiffs recovered judgment, and from the judgment the defendant appealed.

*A. G. Vanderpoel,* for appellant.

*C. F. Wells,* for respondents.

CHARLES P. DALY, Chief Justice.—I have read over the whole of the voluminous evidence in this case, and, so far as it is possible to determine the facts from the confused, in some parts vague, and generally unsatisfactory nature of it, the conclusion may be arrived at that neither of the parties adhered to the contract. The plaintiffs did not, in all cases, execute the orders within the time required, after delivery, and give, as their excuse, that it was at the defendants' request that they did so, the defendants expecting to do a better business in the autumn. Nor did the defendants follow the stipulation as to the time of payment, making payments sometimes before the expiration of the thirty days, and in one instance giving a note, which was payable in ninety days. The testimony is conflicting as to whether any of the orders remained in part unfulfilled; as to the alleged defects in color, polish, and irregularity of surface; as to whether the fact that some of the imitation mosaics did not fit the settings, was the fault of the plaintiffs, or not, the plaintiff Provenzano, swearing that they were made exactly according to the samples furnished; and that, if they did not fit the settings stamped out by the defendant's dies, it was not the plaintiff's fault, because they were made to fit a brass cutting; and the testimony shows that when the defendants'

dies and samples were produced in court, they failed to show that the samples themselves would fit settings stamped out by the dies. Provenzano swears that the defendants wanted alterations made, and that they took the articles back, altered them when requested, and that, when returned, the defendants declared they were satisfied; that the real difficulty between the parties arose, not from any imperfection in the workmanship, or delay in executing the orders, but in the defendants' inability or unwillingness to make the payments when the plaintiffs were entitled to them, which received some support by the fact that in one instance a note was given to them, which had ninety days to run.

The defendants' statement. that when the invoices were received they were at once examined, and the defective articles were always in two or three days returned, is contradicted by what appears plainly to have been the fact, that the last delivery before suit brought was on June 22, and that after the suit was brought, and more than a month after that delivery, the defendants returned all that then remained in their possession, claiming that they were defective in color, polish, irregularity of surface and size; and it thus appearing that they had kept the remainder of the goods alleged by them to be defective in their possession for more than a month, without returning them, we cannot say that the judge erred in holding, under such circumstances, that they could not then set up as a defense that the articles were defective, it being their duty to return them within a reasonable length of time; and that they were concluded by having kept them for more than a month, and until after suit brought.

With respect to the right of the defendants to recoup damages for defects in the workmanship, or for the loss involved in the making of dies which would thereafter be useless to them, it depended upon the question whether the plaintiffs had fulfilled the contract on their part, in respect to which the testimony was conflicting, and, in my judgment, the weight of probability, so far as it can be inferred from the confused character of the testimony, is in favor of the plaintiff's statement that they made the articles in accordance with the pat-

terns and cutting given to them ; and that, if there was inequality in the size of the imitation mosaics, which was the chief complaint of the defendants on the trial, it was not exclusively their fault, but a result as much attributable to the defendants, as to them. So far, therefore, as we are able to judge of this case from a perusal of the testimony, the judgment appears to have been right, and should be affirmed. It was incumbent upon the appellants to establish clearly that the justice erred, and this, I think, they have not succeeded in doing.

LARREMORE and BEACH, JJ., concurred.

Judgment affirmed, with costs.